## CITY OF CORAL GABLES v. WRIGHT.

Circuit Court, Dade County, Criminal Appeal.
April 24, 1948.

Floyd A. Wright, appellant, in propria persona.

Edward L. Semple, Miami, for appellee.

CHARLES A. CARROLL, Circuit Judge.

Appellant was charged with "reckless driving by causing an accident". On October 7, 1946 he was tried and convicted in the municipal court of Coral Gables and was fined the sum of $25. On appeal, execution of the sentence was superseded, and the conviction was challenged on eight separate grounds. There was no written or stenographic report of the proceedings at the trial or of the evidence which was adduced. In lieu thereof a sort of bill of exceptions was filed, containing statements of the testimony which purportedly was presented at the trial, and of the proceedings which occurred at the trial other than the testimony itself. A motion for new trial appears to have been denied.

At the outset this court is confronted by the fact that the record contains no authentication whatever of the matter submitted as constituting the proceedings and testimony at the

trial. The statute in effect at the time this appeal was taken was section 932.52, F. S. A. (1941), which provides, as to such municipal appeals, "The appeal shall be taken in the same manner as now prescribed by law for appeals from the circuit court to the supreme court". While it is true that at the time in question the supreme court appellate practice had eliminated formal bills of exceptions, appellate court records submitted to that court must, of course, be authenticated by a judge or officer of the court.

The new and more elaborate statute relating to municipal appeals passed in 1947, which was cited to this court by the appellant, has no bearing on this appeal. However, it is noted that under section 1 (7) of the new Act it is stated that bills of exception and formal authentication thereof by the municipal court or judge are abolished. If those things were abolished by the new Act, it seems plain that such was formerly required.

Moreover, even if the 1947 Act did apply to this appeal, the record on its face would be defective, because section 1 (8) of the new Act says that where proceedings are not stenographically reported (as was the case here) they are to be authenticated either by a recital to that effect in the judgment, or by a separate order, or by certificate of the municipal judge, or by stipulation of the appellant and the city attorney or other municipal officer having knowledge of the trial proceedings. None of those requirements for authenticating the record were met in the case of this appeal, so far as the record shows.

At the hearing before me the appellant produced from his personal file a letter which he had received from the municipal judge which this court considers sufficient to show that the judge authenticated the record even though the evidence of that authentication has not been filed. The effectiveness of this judgment on appeal will be conditioned upon that letter being filed in this case within five days from the date of the filing of this opinion and judgment.

In matters of this kind the court is not inclined to be over-technical, and if the record has been authenticated, and that fact can be established upon the record then such requirement of law is substantially complied with.

The appellant submitted his proposed record of testimony and trial proceedings to the municipal judge. In his reply, the judge's letter said, in effect, that certain of the testimony re-

cited as having been given by the appellant and by one other witness was not in accord with that part of the testimony as it was recalled by the judge; and the judge's letter then made the statement which this court considers to be an authentication of the record, when he said that if the statements of the testimony of those witnesses were changed accordingly in the record the judge would authenticate it. That is taken to mean that otherwise the record was found sufficiently accurate to be authenticated by the court as the record on appeal.

At that point an unusual thing occurred. Instead of complying with the judge's requirement for the change in the record, the appellant stubbornly insisted on the statement of the evidence as he had submitted it to the judge, and filed additional affidavits or certificates to try to substantiate his version rather than the version recalled by the judge. That action would have proved fatal to the appellant, since there was no further or other authentication of the record, were it not for the fact this court considers that the features of the evidence which the judge referred to are not material or controlling on the question. Those features of the evidence must necessarily be disregarded by this court, in spite of the insistence of the appellant for the same.

Therefore, on that scanty and rather accidental basis the record may be considered to have been authenticated by the lower court. On the merits of the matter, in addition to two procedural questions which were raised by the appellant, six questions were advanced, all revolving around the point whether the evidence was sufficient to support the conviction on the simple charge involved in this case.

This case presented an instance of a collision between two automobiles at a street intersection. The appellant's car had approached from the north, on what is generally referred to as a cross street. The other party's car had approached from the west, along a wide "through street". The accident occurred during the day time. The street was wet, as it was drizzling or had been drizzling or raining slightly.

Now we come to the evidence which was before the court as to just how the accident occurred. Evidence that the appellant came to a stop before crossing the street, or going into the intersection, was not contradicted, nor was his evidence that he pulled into and crossed the street at a moderate rate of

speed. Certainly it was not shown that he crossed or went into the intersection at any excessive speed. It was clearly established that the other car, approaching from the right, was traveling at a relatively high speed such as 30 miles per hour or slightly faster. The other car was proceeding on the right side of the street. That would be the far half of the intersection, as to the appellant. The appellant saw the other car, when it was at some distance, and he was well on his way across the intersection when it was realized that the other car was about to come upon him. At that point the appellant stopped or slowed his car, instead of pulling on across the remaining part of the intersection. The other car skidded and collided with appellant's car which had stopped or was about to stop.

Because the through street was a wide street, and because the appellant's car had proceeded more than half way across the intersection, at the point of collision, and as the appellant was proceeding across the intersecton after first stopping, and at a relatively low speed, while the other car was proceeding at a faster speed along the through street, it is clear that the appellant's car had entered the intersection well in advance of the other car. Therefore, the right of way was with the appellant, unless the situation was one where it was obvious to appellant at the time of starting across the intersection that he could not make it before the car from his right would reach that point, and such was not shown to be the case.

There is no need for this court to express a view on whether the one party or the other was negligent, or as to whether the stopping of his car by the appellant was negligence, and if negligent was the proximate cause of the accident. This case involves a question of reckless driving. Stopping or even slowing his car within the intersection may or may not have been negligence, a point on which this court makes no finding. Assuming, but making no finding that such was the case, that the appellant used bad judgment in the emergency, by stopping or slowing his car in the intersection instead of proceeding on across—that certainly did not amount to reckless driving.

This was a criminal charge. Before the defendant could be convicted, it was required that his guilt be established beyond and to the exclusion of every reasonable doubt, and there simply was no competent material evidence to support a conviction of the appellant for reckless driving by causing an accident on the occasion in question.

The foregoing ruling of this court makes it unnecessary to pass on other questions raised by appellant. The judgment is reversed, and the cause is remanded with direction that the sentence be vacated and set aside, and the appeal bond cancelled. Plaintiff is entitled to his costs on appeal, as against the city.